█ In the Matter of the Claim of MARY TUOHY, Respondent, against WILLIAM BARBARICH et al., Appellants, and STEINER OPERATING CORPORATION, INC., et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision of the Workmen's Compensation Board. Claimant was a superintendent in an apartment house and was injured on January 6, 1957. The question in the case is who was then her employer. For some years appellant Barbarich had owned the house and had been her employer. A contract of sale of the property, intended to be consummated December 31, 1956, had been made with respondent Steiner Corporation, but the closing was postponed to January 7, 1957, the day after claimant's accident. When the sale was consummated, it was agreed between Barbarich and Steiner that title vested retroactively to January 1 and that salaries and repairs from that day on were Steiner's responsibility and Steiner was deemed in control of the premises and entitled to the rents. But the Workmen's Compensation Board has held Barbarich was the employer on January 6. We think the decision lies within the frame of this record. On the day of the accident the actual legal title of the premises was in Barbarich. On that day the change of title which occurred the next day was neither inevitable nor inescapable. The adjustment of retroactive responsibility for wages and right to possession was not binding on the board or on the claimant, but a mere arrangement of convenience between her actual employer on January 6 and a third party. No private arrangement can avoid an employer's responsibility for compensation fixed by law. We think on this record the board could find Barbarich to have

been the employer. Decision of the Workmen's Compensation Board unanimously affirmed, with costs in favor of respondents Steiner and State Insurance Fund against appellants. Present — Foster, P. J., Bergan, Coon, Herlihy and Reynolds, JJ.